UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANDRES ESCOBAR,

Plaintiff,

vs.                                                    Case No.:

ASSIGNED CREDIT SOLUTIONS, INC.,

Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

3.      This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

5.    Plaintiff, Andres Escobar, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant Assigned Credit Solutions, Inc. (hereinafter "Assigned Credit"), a New Jersey company, is a collection agency operating from an address of 10000 Lincoln Drive West, Suite 8, Marlton, NJ 08053, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.    Assigned Credit regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

8.    Assigned Credit regularly collects or attempts to collect debts for other parties.

9.    Assigned Credit is a "debt collector" as defined in the FDCPA and FCCPA.

10.    Assigned Credit was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

FACTUAL ALLEGATIONS

11.    Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

12.    Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.    Defendant sought to collect from Plaintiff an alleged debt arising from transactions that were primarily for personal purposes, specifically, a personal credit card debt.

14.    Within 5 days of its initial communication with Plaintiff, Defendant failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

2

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated. Further, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

16. The Defendant did not provide Plaintiff with written notice of assignment from creditor, within 30 days after the assignment.

<u>COLLECTION CALLS</u>

17. In or about the months of January, March, and April of the year 2014, Assigned Credit's collectors contacted Plaintiff by telephone, on more than one occasion, in efforts to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

18. During these calls, Defendant repeatedly left the following voicemail messages for Plaintiff on his voicemail on or about the dates stated, with the attempt to harass Plaintiff, and failed to identify itself as a debt collector:

856-667-5400-01/15/14 at 10:43 am
Hi. Good Morning. My name is Skip Weekland. I'm calling from ACS. I really need to speak with Andres Escobar as soon as possible. There was just a claim brought to me today that he's directly involved in so I was asked to make actually a decision today. I told them I wanted to hold off because I wanted to speak with you first and I'm certain you'll appreciate me reaching out to you, but again, I just need to talk with you as soon as possible. If you could return my call today at 866-772-4131 extension 1046, claim number 16807. *(Male voice)/Live*

856-667-5400-01/17/14 at 8:47 am
Hi. Good morning. I am still trying to get in contact with Andres Escobar. Mr. Escobar, it's Skip Weekland again with ACS. I mean you know I left a message for you Wednesday afternoon. I thought I'd be hearing back from you by now honestly I did. I'm not sure why I haven't. Maybe you maybe had a bad experience in the past in dealing with a situation like this but right now you know the ball is in your court Andres. If you give me a call back, you have my word, I will do everything I can to help and work with you on this but I have to be clear. If I don't hear from you, I have to let them know just to go ahead and move

3

forward to seek other avenues to resolve this without your cooperation. It's not what I want to do but my concern is that I received an email this morning that clearly stated to me that they're maybe going to give me till the middle of next week to work with you so you know obviously this point is in your best interest to give me a call back but again I can't force you and if I don't hear from you. I really do wish the best of luck but I really hope I hear from you. It's 866-772-4131 extension 1046, claim number 16807. *(Male voice)/Live*

856-667-5400-03/26/14 at 11:22 am
Hi this message is for Andres Escobar. This is a call from ACS. If you are Andres Escobar please continue to listen as I am certain that you will appreciate us reaching out to you first. We more than likely have a claim in our office that you are directly involved in. It is our responsibility to evaluate your current situation to determine whether or not this needs to go any further or if we can assist you in resolving this matter on your own terms so it is out of courtesy that we are attempting to include you in this process. Please take that into consideration. It would greatly benefit you to keep your side of this story regarding this matter before this process is complete. It is your responsibility to contact us. Let us know your honest intentions and we will be glad to try to assist you. Please call our office at 856-667-5400. Thank you. *(Female voice) Automated/pre-recorded*

856-667-5400-04/14/14 at 11:29 am
Hi this message is for Andres Escobar. This is a call from ACS. If you are Andres Escobar please continue to listen as I am certain that you will appreciate us reaching out to you first. We more than likely have a claim in our office that you are directly involved in. It is our responsibility to evaluate your current situation to determine whether or not this needs to go any further or if we can assist you in resolving this matter on your own terms so it is out of courtesy that we are attempting to include you in this process. Please take that into consideration. It would greatly benefit you to keep your side of this story regarding this matter before this process is complete. It is your responsibility to contact us. Let us know your honest intentions and we will be glad to try to assist you. Please call our office at 856-667-5400. Thank you. *(Female voice) Automated/pre-recorded*

19.     Defendant's pre-recorded voicemail messages suggest that there was a pending lawsuit against the Plaintiff or that a lawsuit would be filed soon thereafter. The pre-recordings also stated that there was a claim in the office directly involving the Plaintiff, suggesting that ACS was handling a legal claim. In addition, by stating in the pre-recordings that "it would greatly benefit you to keep your side of this story," Assigned Credit indicated that Plaintiff's testimony would be used in some legal proceeding, thereby leading the Plaintiff to believe that a lawsuit had been filed or would be filed soon thereafter. Similarly, the live messages left by

4

Assigned Credit's employee/collector also suggested that a lawsuit would be filed if he did not hear back from the Plaintiff by the following week. These calls deceptively indicated that lawsuit had been filed, or would soon be filed, when in fact none had been filed.

SUMMARY

20.     All the above-described collection communications made to Plaintiff by Defendant, and its collection employees, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d(6), and 1692e(11), as well as violations of FCCPA. During its collection communications, Defendant and the individual debt collectors employed by Assigned Credit failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), and 1692e(11), amongst others.

21.     On multiple occasions, Defendant left voicemail messages for Plaintiff threatening to proceed with legal action, or suggesting that legal action had already been filed. The messages indicated that there was a claim in the office directly involving the Plaintiff. Other messages indicated that it was beneficial for Plaintiff to keep his side of the story. These statements were deceptive in leading the Plaintiff to believe that there was an existing claim or impending legal action, when in fact, none was filed. These messages were left in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3),  15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13), as well as Florida Statutes §559.72(5), §559.72(10), and §559.72(12).

22.     Defendant's conduct, as detailed above, of harassing Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA and FCCPA, as stated herein. Defendant willfully or knowingly violated FDCPA and FCCPA.

## TRIAL BY JURY

23.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

25.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### 15 U.S.C. § 1692e

27.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

28.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

COUNT 3

FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
15 U.S.C. § 1692d

29.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

30.     Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

COUNT 4

FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS
15 U.S.C. § 1692(e)

31.     Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

32.     Defendant left voicemail messages for Plaintiff falsely suggesting that it had or would proceed with legal action, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3),  15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13).

33.     Defendant violated § 1692e of the FDCPA by the foregoing acts.

34.     Defendant used false, deceptive, and misleading representations or means in connection with debt collection, and in so doing, failed to comply with FDCPA, specifically 15 USC 1692e.

COUNT 5

HARRASMENT OR ABUSE
15 U.S.C. § 1692(d)

35.    Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

36.    Defendant engaged in conduct with the natural consequence of which was to harass, oppress, or abuse Defendant, when Defendant threatened to proceed with alternate legal avenues, and misrepresented that a complaint was in the process of being filed or had otherwise been filed.

37.    Defendant also left voicemail messages displaying deceptive, threatening language, with the natural consequence of which was to harrass, oppress, or abuse Defendant.

38.    By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(d), namely § 1692d(2) and § 1692d(6).


COUNT 6

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692g

39.    Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

40.    Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

41.    Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 7

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### FLORIDA STATUTE §559.55 et seq. ("FCCPA")

42.     Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

43.     The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

44.     As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 8

### VIOLATION OF 553.72(12) OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT

45.     Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

46.     Defendant attempted to collect a debt by communicating with the debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney. The Defendant left a message for the Plaintiff indicating that there was a claim in its office directly related to the Plaintiff and that further legal action would have to be taken if no response was received. These messages also indicated that it was in the best interest of the Plaintiff to keep his side of the story before completion of the process. Clearly, the messages falsely indicated that a claim had been filed or would soon be filed against the Plaintiff, when in fact there was no intention of doing so.  Defendant's actions were done in violation of Florida Statute § 559.72(12), FCCPA.

## COUNT 9

## VIOLATION OF 559.72(10) OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT

47.     Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

48.     Defendant attempted to collect a debt from Plaintiff by using communications that give the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law. Specifically, Defendant's messages gave the appearance of being approved by an attorney.  Defendant used communication that simulates in any manner legal or judicial process, in violation of Florida Statute § 559.72(10), FCCPA.

## COUNT 10

## VIOLATION OF §559.715 OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT

49.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

50.     The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

51.     Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)      Damages;

b)      Reasonable attorney's fees and costs; and

c)      Such further relief as this Court may deem appropriate.


PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  August 21, 2014                         Respectfully submitted,


/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile:  (888) 460-7585
***Lead Trial Counsel for Plaintiff***


/s Lydia C. Quesada
LAW OFFICES OF LYDIA C. QUESADA P.A.
Lydia C. Quesada, Esq.
E-mail: lydia@lquesadalaw.com
Florida Bar No: 0191647
1165 W. 49th Street, Suite 107
Hialeah, Florida 33012
Telephone: (305) 824-9800
Facsimile: (305) 824-3868
***Co-Counsel for Plaintiff***

<u>SERVICE LIST</u>

Assigned Credit Solutions, Inc.
c/o C.T. Corporation System, as Registered Agent
1200 South Pine Island Road
Plantation, Florida 33324
Defendant